NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHLEEN MARY KAPLAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3091

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0708-I-1.

---

Decided: January 7, 2016

---

KATHLEEN MARY KAPLAN, Arlington, VA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Kathleen Kaplan ("Kaplan") seeks review of the Merit Systems Protection Board ("the Board") decision dismissing her appeal for lack of jurisdiction. *Kaplan v. Dep't of the Air Force*, No. DC-0752-14-0708-I-1, 2014 MSPB LEXIS 8955 (M.S.P.B. Dec. 29, 2014) ("*Final Decision*"). For the reasons explained below, we *affirm*.

BACKGROUND

Kaplan is currently employed as a Principal Computer Scientist, DR-1550-IV, with the Department of the Air Force ("the agency") Office of Scientific Research in Arlington, Virginia. *Kaplan v. Dep't of the Air Force*, No. DC-0752-14-0708-I-1, 2014 MSPB LEXIS 4826, at *1 (M.S.P.B. July 18, 2014) ("*Initial Decision*"). Kaplan was subsequently selected to participate in the agency's Civilian Developmental Education ("CDE") RAND Fellowship program ("RAND Fellowship"). *Id*.

By letter dated April 30, 2014, the agency removed Kaplan's designation to attend the RAND Fellowship. *Id*. That letter explained that Kaplan's prior misconduct and reprimand "constitute[d] just cause for removing you from such CDE." Respondent's Appendix ("RA") 33.

Kaplan timely appealed to the Board, arguing that the agency took a personnel action against her in violation of 5 U.S.C. § 2302(b)(9)(A) when it removed her "from all CDE for all time and forevermore." *Final Decision*, 2014 MSPB LEXIS 8955, at *3. Specifically, Kaplan alleged that the agency removed her "in retaliation for her submission of pleadings to the U.S. District Court for the Eastern District of Virginia and the U.S. Court of Federal Claims." *Id*.

On June 11, 2014, the agency moved to dismiss Kaplan's appeal for lack of jurisdiction, arguing that it did not take an action against her that is appealable to the Board. *Initial Decision,* 2014 MSPB LEXIS 4826, at *2. In its motion, the agency explained that: (1) Kaplan has

been in the competitive service since 2005, and remains employed as a Principal Computer Scientist with the agency; (2) Kaplan's previously granted RAND Fellowship was canceled due to misconduct; and (3) an agency decision "to grant or not to grant an educational opportunity is not reviewable by the Board." *Id*. To the extent Kaplan's claims could be construed to allege whistleblowing or other protected activity, the agency argued that the Board lacked jurisdiction over "any potential individual right of action (IRA) appeal, because she has not sought corrective action from the Special Counsel." *Id*. at *3.

Kaplan timely responded, arguing that the Board had jurisdiction over her appeal because the agency removed her from the RAND Fellowship program. *Final Decision*, 2014 MSPB LEXIS 8955, at *3. According to Kaplan, her removal was appealable as an adverse action under 5 C.F.R. § 1201.3(a)(1), and as a suitability action under 5 C.F.R. § 1201.3(a)(9). *Id*. Kaplan also reiterated that the agency took a personnel action against her when it removed her from the CDE program in retaliation for protected activity, but clarified that she was not alleging whistleblower retaliation or retaliation for equal employment opportunity activity. *Id*. at *3-4, & n.2.

On July 18, 2014, the administrative judge ("AJ") issued an initial decision dismissing Kaplan's appeal for lack of jurisdiction. The AJ found it "uncontroverted" that the agency removed Kaplan's designation to attend the RAND Fellowship, but did not terminate her employment or remove her from her Principal Computer Scientist position. *Initial Decision,* 2014 MSPB LEXIS 4826, at *8. Because the agency merely terminated an educational opportunity for Kaplan, the AJ concluded that the Board lacked jurisdiction. *Id*. The AJ also considered and rejected Kaplan's argument that the agency's action was a "suitability action" within the Board's jurisdiction. *Id*. at *9. Specifically, the AJ found no negative suitability determination to appeal because neither the agency nor

the Office of Personnel Management ("OPM") "took any
action that canceled her eligibility for a particular posi-
tion, removed her, canceled her reinstatement or debarred
her from a Federal position." *Id.* (citing 5 C.F.R.
§ 1201.3(a)(9)). Finally, the AJ explained that, to the
extent Kaplan is attempting to file an IRA claim of retali-
ation for engaging in protected activity, she must first
seek corrective action from the Office of Special Counsel,
and exhaust her administrative remedies. *Id.* at *9-10.
Because Kaplan failed to make a nonfrivolous allegation
of Board jurisdiction, the AJ dismissed her appeal without
a hearing. *Id.* at *10.

Kaplan filed a petition for review, requesting that the
Board reconsider the AJ's initial decision. Specifically,
Kaplan argued that: (1) the AJ erred in finding that the
agency terminated an "educational opportunity" rather
than a "particular position"; and (2) the Board has juris-
diction over the agency's removal of her designation to
attend the RAND Fellowship program as a "determina-
tion of non-suitability." *Final Decision*, 2014 MSPB
LEXIS 8955, at *8.

On December 29, 2014, the Board issued a final deci-
sion denying Kaplan's petition for review. In its decision,
the Board first explained that it has jurisdiction over
adverse action appeals, which includes, in relevant part,
removals or terminations of employment after completion
of probationary or other initial service period. *Id.* at *8.
Next, the Board found it undisputed that the agency
removed Kaplan from the RAND Fellowship program,
which is one of several educational programs the agency
offers for civilians. *Id.* at *9. Because the agency did not
remove Kaplan from her position or terminate her em-
ployment, the Board found that Kaplan alleged no facts
which, if proven, include an adverse action within the
Board's jurisdiction. *Id.*

The Board further found that Kaplan failed to allege facts that could support a finding of jurisdiction over the agency's action as a "negative suitability determination." *Id.* The Board explained that a suitability determination involves a decision by OPM or an agency with delegated authority that a person is suitable or not suitable for a covered position in the federal government or federal agency. *Id.* (citing 5 C.F.R. § 731.202(b)). The Board concluded that Kaplan's allegation that the agency removed her from the RAND Fellowship program and "deemed her permanently ineligible for all future CDE programs, even if proven, does not establish jurisdiction over her appeal as a negative suitability determination or an appealable adverse action." *Id.* at *10. Accordingly, the Board denied Kaplan's petition for review.[1]

Kaplan timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

---

[1]    Kaplan submitted, for the first time on appeal to the Board, an internal agency memorandum dated August 11, 2011, showing that "'outplacement from centralized [CDE]' was exempt from the implementation of a hiring freeze because of its funding source." *Final Decision*, 2014 MSPB LEXIS 8955, at *10. According to Kaplan, this document showed that the agency's decision to revoke her designation to participate in the RAND Fellowship program and all other CDEs was within the Board's jurisdiction. *Id.* Because Kaplan failed to show that the information contained in the memorandum was previously unavailable despite due diligence before the record closed, the Board concluded that it need not consider it. *Id.* at *10-11 (citing *Grassell v. Dep't of Transp.*, 40 M.S.P.R. 554, 564 (1989)). Even considering the submission, however, the Board found no basis for concluding that Kaplan made a nonfrivolous allegation of jurisdiction. *Id.* at *11.

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i) (2015).[2] To be entitled to a jurisdictional hearing, a claimant must make a nonfrivolous allegation that the Board has jurisdiction over her appeal. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc). "Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue." *Ferdon v. United States Postal Serv.*, 60 M.S.P.R. 325, 329 (1994) (citation omitted).

The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). As noted, Kaplan argued before the Board that her removal from the RAND Fellowship program was appealable both as an "adverse action" under 5 C.F.R. § 1201.3(a)(1), and as a "suitability

---

[2]    Prior to March 30, 2015, the applicable regulation was set forth at 5 C.F.R. § 1201.56(a)(2)(i).

action" under 5 C.F.R. § 1201.3(a)(9). We address each potential basis for Board jurisdiction in turn.

By statute, the Board has jurisdiction over appeals of adverse actions, including: (1) removals; (2) suspensions for more than fourteen days; (3) reductions in grade; (4) reductions in pay; and (5) furloughs of thirty days or less. 5 U.S.C. § 7512(1)-(5). The applicable regulations likewise indicate, in relevant part, that the Board is authorized to hear an adverse action appeal involving removals, which are "terminations of employment after completion of probationary or other initial service period." 5 C.F.R. § 1201.3(a)(1).

Here, Kaplan has not made a nonfrivolous allegation that the agency engaged in an adverse action that falls within the Board's jurisdiction. Indeed, the Board found it undisputed that the agency did not remove Kaplan from her position as a Principal Computer Scientist or terminate her employment. *Final Decision*, 2014 MSPB LEXIS 8955, at *9. There are no allegations that Kaplan was suspended, furloughed, or suffered a reduction in grade or pay. Instead, the agency merely removed Kaplan's eligibility to participate in the RAND Fellowship program, which is an educational program. *Id.* We agree with the Board that the agency's termination of Kaplan's ability to participate in an educational program does not fall within the scope of the Board's jurisdiction over adverse actions. *Id.*; *see* 5 C.F.R. § 1201.3(a)(1).

Kaplan's briefing to this court focuses solely on her belief that the Board had jurisdiction over her appeal as a suitability action pursuant to 5 C.F.R. § 1201.3(a)(9). We disagree. A "suitability action" is an "[a]ction based on suitability determinations, which relate to an individual's character or conduct that may have an impact on the integrity or efficiency of the service." 5 C.F.R. § 1201.3(a)(9). "Suitability actions include the cancella-

tion of eligibility, removal, cancellation or reinstatement eligibility, and debarment." *Id.*

As the Board explained, a "[s]uitability determination means a decision by OPM [the Office of Personnel Management] or an agency with delegated authority that a person is suitable or is not suitable for employment in covered positions in the Federal Government or a specific Federal agency." *Final Decision*, 2014 MSPB LEXIS 8955, at *9 (quoting 5 C.F.R. § 731.101). A "covered position" is "a position in the competitive service, a position in the excepted service where the incumbent can be noncompetitively converted to the competitive service, and a career appointment to a position in the Senior Executive Service." 5 C.F.R. § 731.101(b).

Kaplan's primary argument on appeal is that the Board admitted that it had jurisdiction when it used the word "position" to describe the RAND Fellowship. She then asserts that the RAND Fellowship program is a "covered position" because it required a Top Secret security clearance, and because the agency vetted her personnel records before selecting her to participate in the program. Each of these arguments is without merit.

First, although the Board used the term "position," the record is clear that the RAND Fellowship is an educational program, not a position separate and apart from Kaplan's career position as a Principal Computer Scientist. Indeed, when read in context, the sentence in the Board's decision upon which Kaplan relies actually contradicts her argument. That sentence states, in its entirety: "[i]t is undisputed that the agency effectively removed the appellant from the RAND Fellowship position, which is one of the educational programs offered for civilians by the agency." *Final Decision*, 2014 MSPB LEXIS 8955, at *9. The next sentence states that it is also "undisputed that the agency did not remove the appellant from her Principal Computer Scientist position or terminate her

employment." *Id*. Accordingly, the mere fact that the Board used the word "position" is insufficient to give rise to Board jurisdiction.

Second, as noted, a suitability determination involves a finding that an individual is suitable or not suitable for employment in a "covered position." 5 C.F.R. § 731.101(b). Because the RAND Fellowship is an educational program—not a "covered position" as that term is defined in 5 C.F.R. § 731.101(b)—the agency did not make a suitability determination when it removed Kaplan from it. That the Fellowship required a Top Secret security clearance and the agency reviewed Kaplan's personnel record prior to selecting her to participate has no bearing on whether the program qualifies as a "covered position." Nor is there any evidence that the agency or OPM took any action that cancelled Kaplan's eligibility for a particular position, removed her, cancelled her reinstatement, or debarred her from a federal position. *See* 5 C.F.R. § 1201.3(a)(9). Indeed, the record reveals that Kaplan occupied the position of Principal Computer Scientist before, during, and after her designation to attend the RAND Fellowship. We therefore agree with the Board that Kaplan's removal from the RAND Fellowship program was not appealable to the Board as either an adverse action or as a suitability determination.

CONCLUSION

Kaplan failed to raise a nonfrivolous allegation of Board jurisdiction over the agency's decision to terminate her participation in the RAND Fellowship program. Accordingly, we affirm the Board's decision dismissing her appeal for lack of jurisdiction.

**AFFIRMED**